IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| IN RE:<br>GARY LAMAR MILLER<br>PEGGY HARDWICK MILLER<br><br>Debtors. | )<br>)<br>)<br>)<br>) |
| CITIZENS BANK OF GENEVA,<br><br>    Appellant,<br><br>vs.<br><br>WILLIAM C. CARN, III, as Trustee<br>for the Bankruptcy Estate of Gary<br>Lamar Miller and Peggy Hardwick<br>Miller Bankruptcy Case No.<br>04-10816 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    CASE NO.:1:05cv-01173-MEF |

## JOINT MOTION FOR ENLARGED BRIEFING SCHEDULE

    1.    The parties to this JOINT MOTION FOR ENLARGED BRIEFING SCHEDULE are:

    Appellant, Citizens Bank of Geneva

    Appellee, William C. Carn, III, Trustee for the Bankruptcy Estate of Gary Lamar Miller and Peggy Hardwick Miller, Bankruptcy Case Number 04-10816

    2.    The parties move this court, pursuant to Bankruptcy Rule 8009 (a), for an enlargement of the briefing schedule on this appeal for a period of ninety (90) days, on the following grounds:

    a.    This appeal concerns the question of whether the Appellant is entitled to assert a secured claim in the administration of the underlying bankruptcy case,

or, whether the Appellant's claim is due to be allowed as a general unsecured claim.

      b.    Although not a party to this Appeal, the Internal Revenue Service has a significant interest in the outcome of this matter as a priority unsecured creditor. If the Appellant is a secured creditor, the position of the Internal Revenue Service is subordinate; if Appellant is a general unsecured creditor, the position of the Internal Revenue Service becomes superior to that of Appellant.

      c.    The parties are in discussions regarding a potential settlement. Any settlement proposed by the Trustee must, however, be presented to the Bankruptcy Court pursuant to Bankruptcy Rule 9019(a) for approval after service upon all creditors, specifically including but not limited to the Internal Revenue Service. Should an objection be filed, the objection is ruled upon by the Bankruptcy Court.

      d.    Should the compromise being discussed by the parties to this motion be approved by agreement or be approved by a final order of the Bankruptcy Court, the appeal presently before this court would become unnecessary and be dismissed. Should the foregoing result in a resolution of the matter, it benefits the bankruptcy estate greatly to minimize attorneys' fees and costs, and maximize the potential dividend to creditors in the underlying case.

      3.    The parties readily acknowledge that the enlargement requested is somewhat unusual in length, but in good faith believe that there is a reasonable possibility of resolving the matter by compromise in the Bankruptcy Court. In the event the matter is not resolved in the Bankruptcy Court, the parties perceive of no prejudice that will result from the requested enlargement.

Submitted this 21st day of December, 2005

/s/ William W. Nichols
William W. Nichols, Esq., (NIC027)
Post Office Box 1665
Dothan, Alabama 36302
Attorney for William C. Carn, III,
Trustee of the Bankruptcy Estate of
    Gary and Peggy Miller

/s/ Derek Yarbrough
Derek Yarbrough, Esq., (YAR008)
Motley, Motley & Yarbrough
117 East Main Street
*Dothan, Alabama 36301*
Attorney for the Citizens Bank